UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAXUM INDEMNITY COMPANY,

    Plaintiff,

v.   Case No. 3:25-cv-435-MMH-MCR

ZUHAIR SHAHLEY and KIMAYA FLANDERS, as Personal Representative of the Estate of Da'Mya Greene,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On April 21, 2025, Plaintiff, Maxum Indemnity Company (Maxum), initiated this action by filing a Complaint for Declaratory Judgment (Doc. 1; Complaint) against Defendants Zuhair Shahly and Kimaya Flanders, as personal representative of the estate of Da'Mya Greene. In the Complaint, Maxum seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to establish that it has no duty to defend or indemnify Shahly in an underlying state court action arising out of the alleged fatal shooting of Da'Mya Greene. See generally Complaint. To support this Court's exercise of subject matter jurisdiction over this action, Maxum invokes 28 U.S.C. § 1332(a)(1), the diversity statute. See

Complaint ¶ 11.[1] Upon review of the Complaint, however, the Court is unable to determine whether § 1332(a)(1)'s amount in controversy requirement is met, and as such, the Court is unsure whether it can exercise subject matter jurisdiction. Accordingly, the Court will direct Maxum to file supplemental documentation demonstrating that the amount in controversy requirement is met.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity

---

[1] In relevant part, 28 U.S.C. § 1332(a) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]"

jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

"An action under the Declaratory Judgment Act, 'does not, of itself, confer jurisdiction upon the federal courts'; therefore, 'a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question.'" <u>Sellers v. Nationwide Mut. Fire Ins. Co.</u>, 968 F.3d 1267, 1273 (11th Cir. 2020) (quoting <u>Borden v. Katzman</u>, 881 F.2d 1035, 1037 (11th Cir. 1989)). When a party invokes diversity jurisdiction for a declaratory judgment action, the amount in controversy is "the value of the object of the litigation" to the plaintiff. <u>Ericsson GE Mobile Comms., Inc. v. Motorola Comms. and Elecs., Inc.</u>, 120 F.3d 216, 218–220 (11th Cir. 1997).

In this action, Maxum seeks to avoid spending money defending Shahly in the underlying state court action. <u>See</u> Complaint ¶¶ 25, 39. But Maxum gives no information as to the potential cost of providing this defense. <u>See generally id.</u> As such, the Court cannot determine what the value to Maxum would be of a declaration that it is not obligated to provide the defense. Without that information, the Court cannot determine whether the amount in controversy in this action exceeds $75,000. <u>See</u> 28 U.S.C. § 1332(a)(1); <u>see also</u> <u>Sullivan v. Everett Cash Mut. Ins. Co.</u>, No. 19-11943, 2023 WL 1521579 (11th Cir. Feb. 3,

2023); Four Season Trucking Inc. v. Grange Mut. Cas. Co., No. 23-12013, 2024 WL 1635692, at *2 (11th Cir. Apr. 16, 2024) ("The question presented in this declaratory judgment action is whether there is a duty to defend … . Thus, the amount in controversy is determined by the value of the total cost of the defense of the [underlying personal injury] case[.]"). To the extent Maxum believes that the potential cost of indemnification can also help meet the amount in controversy requirement, see Complaint ¶¶ 39 (Maxum's contention that it is not obligated to indemnify Shahly), Maxum is cautioned that the amount in controversy for a claim for a declaration regarding a duty to defend and a claim for a declaration regarding the duty to indemnify must be evaluated separately. See Sullivan, 2023 WL 1521579, at *4 ("[I]n this circuit, a declaratory judgment claim with respect to indemnification is generally not ripe until (and if) the insured has been held liable to a third party.").[2]

Accordingly, it is

---

[2] Even if the Court can consider potential indemnification costs when determining the amount in controversy for a declaration regarding a duty to defend, the complaint in the underlying state action does not provide enough information for the Court to determine Maxum's potential indemnification liability. See generally Exhibit A (Doc. 1-1).

- 4 -

**ORDERED:**

On or before **May 9, 2025**, Maxum shall file additional documentation to support this Court's exercise of subject matter jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of April, 2025.

/s/ Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record